[No. 1861, June 17, 1916.]
## ORTEGA et al. v. VIGIL.

### SYLLABUS BY THE COURT.

1.   Section 4230, Code 1915, which provides that, "Judgments may be set aside for irregularity, on motion filed at any time within one year after the rendition thereof," applies to judgments rendered out of term time upon default.

P. 20

2.   An answer filed by a defendant, after the time to file the same has expired, and before judgment of default has been entered by the court, is not a nullity, and so long as answer remains on file and undisposed of, plaintiff is not entitled to a judgment by default, and the rendition of such judgment constitutes an irregularity for which the judgment rendered may be set aside upon motion filed at any time within one year from the date of the rendition of such judgment.

P. 21

3.   Failure of a defendant to serve a copy of an answer filed by him upon plaintiff's counsel does not warrant the rendition of a default judgment against such defendant.

P. 23

Appeal from District Court, Taos County; Mechem, Judge.

Action by Juan Maria Ortega and others against Trinidad M. Vigil.  From judgment for defendant, plaintiffs appeal.   Affirmed.

CATRON & CATRON of Santa Fe, for appellants.

. The court was without jurisdiction to set aside the judgment.

Sec. 4227, Code 1915; U. S. v. Rio Grande Dam & I. Co., 85 Pac. 393, 399; Weaver v. Weaver, 113 Pac. 599, 601.

There were no irregularities in judgment or procedure thereof.

Sec. 4122, Code 1915; Weaver v. Weaver, supra; U. S. v. R. G. D. & I. Co., supra.

Pleading filed after expiration of twenty days and without an extension of time comes too late.

31 Cyc. 597; 21 Enc. P. & P. 707-8; sec. 4183, Code 1915.

RENEHAN & WRIGHT of Santa Fe, for appellee.

The irregularity falls squarely within the provisions of sec. 4230, Code 1915.

Certificate of no appearance simply furnishes proof that no pleading has been filed. Not in default unless rule has been entered or default adjudicated.

McKee v. Angel, 90 N. C. 60; McKenna's Estate v. McCormick, 83 N. W. 844, 60 Neb. 995; Vass v. People's B. & L. Association, 91 N. C. 55 and 58.

As to what is an irregular judgment see:

McCain v. City of Des Moines, 174 U. S. 168; Hall v. Munger, 5 Lans. 100, 113; State v. Huston, 72 Pac. 1015; Cuhn v. Mason, 64 Pac. 182; Bowers v. Dickerson, 18 Cal. 420; Acock v. Halsey, 90 Cal. 215, 27 Pac. 193; State ex rel. v. Superior Court. 149 Pac. 16; Abbott v. Smith, 8 How. Pr. 463.

## OPINION OF THE COURT.

ROBERTS, C. J.—This appeal raises three questions which may be stated as follows: First, can a default judgment be set aside for irregularity, on motion filed at any time within one year after its rendition? Second,

can a default judgment be regularly rendered where de-
fendant has failed to appear and plead within the 20
days allowed by statute, service having been had upon him
within the county where the suit is pending, but such de-
fendant has filed answer after the expiration of 20 days
and before the default judgment has been rendered?
And, third, can a default judgment be rendered against a
defendant, assuming that he may plead after the expira-
tion of the statutory time, because of his failure to serve
a copy of such pleading upon the plaintiff or his attorney?

[1] In this case the trial court set aside the default
judgment, upon motion filed five months after it was ren-
dered, upon the ground of irregularity. Appellant con-
tends that section 4227, Code 1915, which provides:

"Any judgment rendered in any court of this state, out of
term time, upon default, may be set aside by the judge upon
motion filed within sixty days of the date of the entry of
such judgment, upon good cause shown to the judge or
court in which such judgment is rendered."

—is exclusive in so far as default judgments are con-
cerned. This statute was enacted March 2, 1905. At that
time the act of March 18, 1897 (section 4230, Code 1915),
which reads as follows:

"Judgments may be set aside for irregularity, on motion
filed at any time within one year after the rendition thereof."

—was in full force and effect. Both statutes are still in
force.

We cannot agree with appellant's contention. The ob-
ject of the Legislature in the enactment of section 4227,
supra, was to provide for the setting aside of default judg-
ments "upon good cause shown," and this "good cause"
may consist of many facts and circumstances which would
not amount to an "irregularity." Section 4230 made am-
ple provision for the setting aside of judgments for ir-
regularities, but affords no relief from a default judg-
ment where good cause may be shown for its vacation,
other than an irregularity. Hence we conclude that a de-
fault judgment may be set aside for irregularity, on mo-

tion filed at any time within one year after its rendition.

[**2**] This, then, leads us to the inquiry as to whether the judgment in this case was regularly rendered upon default where defendant had filed an answer in this case after his time to file the same had expired, but before such default judgment was rendered. Two days before the answer was filed, and after the statutory time to file the same had expired, plaintiff procured from the clerk a certificate of nonappearance, but this certificate has nothing to do with the merits of the case, as it was only evidence of the fact that at the time it was issued no appearance had been entered by defendant. Judgment of default was not taken until three months thereafter. Four days after the certificate of nonappearance was signed by the clerk defendant's answer was filed, and such answer was on file and undisposed of at the time the default judgment was taken. The right to the default judgment herein, if such right existed, was by virtue of the provisions of the second subdivision of section 4188, which, in so far as pertinent, reads as follows:

"In other actions, if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the court or judge, upon application of the plaintiff, must enter the default of the defendant and render judgment."

This section of our Code is very similar to section 585 of the California Code of Civil Procedure, and was evidently taken therefrom. Subdivision 2 of section 585, Cal. Code, differs from the above only in so far as it requires the clerk to enter the default of the defendant, and authorizes the plaintiff to apply to the court at any subsequent term for the relief demanded in the complaint. The Supreme Court of California has frequently construed the above statute, and uniformly has held that an answer filed without leave of court after the time for answering has expired, but before the default has been entered, is not a nullity, but is, at most, an irregularity; that such an answer cannot be disregarded or treated as a nullity, so long as it remains on file; that plaintiff's remedy is by a motion to strike the answer from the files.

In the case of Bowers v. Dickerson, 18 Cal. 420, the plaintiff moved to strike out an answer and demurrer because filed after the return day, and for judgment by default. The trial court overruled the motion, and upon review the Supreme Court said:

"We see no error in the refusal of the court to set aside the answer, and allow the plaintiff to take judgment by default. It was, perhaps, not strictly regular to file the answer after the time for answering had expired without leave of the court; but, as the default of the defendant had not been entered, we think the filing was not a nullity. It was, at most, a mere irregularity, for which the answer might have been stricken out, but on account of which the plaintiff was not entitled to have it set aside, unless the court, in the exercise of its discretion, deemed such to be the proper course. The whole proceedings were in fieri, and our opinion is that the court had absolute power either to retain the answer or to permit another to be filed, or to pursue whatever course in that respect the justice of the case required. A defendant cannot for these purposes be considered in default until his default has been actually entered in accordance with the statute. There can be no doubt of the correctness of this view of the subject."

In the case of Acock v. Halsey, 90 Cal. 216, 27 Pac. 193, plaintiff instituted suit for the recovery of certain specified personal property. Defendant, after the time to appear and plead had expired, filed an answer in which he sought affirmative relief. Thereafter plaintiff filed a voluntary dismissal of the action, upon which judgment of dismissal was later entered. Defendant moved to set aside the order of dismissal, which was sustained by the trial court. From this order plaintiff appealed. The court said:

"But the answer was not filed until after the expiration of the time within which the Code provides that an answer may be filed. But it could not be disregarded, or treated as a nullity, so long as it remained on file. The plaintiff's remedy was a motion to strike it from the files. 'It was, perhaps, not strictly regular to file the answer after the time for answering had expired, without leave of the court; but, as the default of the defendant had not been entered, we think the filing was not a nullity.'"

See, also, State ex rel. Hannebohl v. Superior Court, 85 Wash. 663, 149 Pac. 16.

Ortega v. Vigil, 22 N. M. 18.

In view of the construction placed upon the language of this section by the California court, prior to its adoption here, we conclude that an answer filed by a defendant, after the time to file the same has expired, and before judgment of default has been entered by the court, is not a nullity, and so long as such answer remains on file and undisposed of plaintiff is not entitled to a judgment by default, and the rendition of such judgment constitutes an irregularity for which the judgment rendered may be set aside upon motion filed at any time within one year from the date of the rendition of such judgment.

[3] The remaining point is likewise without merit. There was a dispute as to whether the plaintiff's attorneys had been served with a copy of the answer. But, assuming that they were not served, such failure in that regard would not warrant the taking of a default judgment where the answer or other pleading had, in fact, been filed. This question was settled adversely to appellant's contention by the Supreme Court of Nevada in the case of Maples v. Geller & Raffer, 1 Nev. 233. In construing a statute similar to our own in this regard the court said:

"We think the point that no judgment should have been rendered while the answer remained on file and undisposed of is well taken. The statute requires an answer to be filed and served; but it does not require that there should be any evidence of service on the answer. In this respect it is very different from a complaint. The complaint must be served unless service be waived, and proper evidence of that service, or waiver of service, brought before the court before it will assume jurisdiction of the defendant. But, when defendant has filed his answer, the court has jurisdiction of the person, and no evidence of service of the answer is necessary to enable the court to exercise all its powers over the parties. The requirement that the answer shall be served is for the convenience of the opposite party, and not to confer jurisdiction on the court. It is not then necessary, although it might be more regular, for the answer to show evidence of service on the plaintiff or his attorney. If, then, it is not necessary that the answer should show service, the court would not, in the first instance, be justified in treating an answer as a nullity when it did not show service. Nor do we think the court would be justified in doing it upon an ex parte affidavit. An absolute personal service of an answer is never required. It may be served by sending by mail or leaving it at the office of the plaintiff's attorney. The mails

frequently miscarry. A lawyer may well overlook a paper left on his table, and not be aware such paper was ever left there. In such case he might innocently make an affidavit that the answer had not been served, when, in fact, it had been legally served. It would certainly, then, be a very dangerous practice to allow judgments to be entered against defendants on ex parte affidavits that no answer had been served, where a sufficient answer was on file; but, even admitting there was the most indubitable proof that no answer was ever served, it would be a very harsh method of proceeding against the defendant to give judgment against him when he had a good defense to the action, because his attorney was careless or inattentive to his business. Such a practice might benefit careful, vigilant, and attentive lawyers, but it certainly would not do justice to litigants, and would be calculated to bring courts of justice into odium and contempt. Besides, there is not the slightest reason or necessity for such practice. If a lawyer neglects his duty in the service of an answer, * * * the taxing of the costs of motion against the attorney or his client would correct the evil, without depriving defendant of his right to a trial of the cause on the issues joined. We think for this cause the judgment should be reversed."

Finding no error in the record, the judgment of the trial court is affirmed; and it is so ordered.

HANNA and PARKER, J.J., concur.