69 P.(2d) 927

**ANIMAS CONSOLIDATED MINES CO. et al. v. FRAZIER et al.**

No. 4222.

Supreme Court of New Mexico.

June 7, 1937.

Rehearing Denied July 16, 1937.

E. L. Medler, of Hot Springs, and A.W. Pollard, of Deming, for appellants.

Edward D. Tittmann, of Hillsboro, for appellees.

BRICE, Justice.

A suit was brought by the appellees against the John I. Hallett Construction Company (hereinafter called "construction company") to recover royalties, which it was alleged had accrued under a lease of mining properties. The construction company filed an affidavit, as provided by section 1 of chapter 156, N.M.Laws 1931, averring that it had in its possession $1,908.94 which it owed to the owner of the mining property as royalties; and, further, that in addition to the appellees the royalties were also claimed by appellants. The court en-tered an order which provided that the construction company should deposit the royalty money in court; that the appellants each appear within twenty days from the date of service upon them of a true copy of the order thus made, and "maintain or relinquish their claim, if any, against the said defendant, John I. Hallett Construction Company"; and, further, that unless they so appeared and maintained their claim, or claims, against the construction company within twenty days from the date of service of a copy of the order, "that they or such one of them as fails to appear shall be barred of all or any claim in respect to the subject of this action against the defendant herein."

On the 6th day of July, 1935, appellees (plaintiffs below) filed in the cause a motion for default judgment against the appellants, and on the 17th day of July, 1935, there was filed and entered in the cause a judgment dated the 16th day of July, 1935, reciting the fact of the filing of the motion for judgment, the proper service of copies of the order of the court on the appellants and their default; and a finding that appellant Fanning had no interest in such royalties, they having accrued prior to the sale of an interest in the property to him. That the appellees were entitled to the royalties, and the impleaded parties had no interest therein. The clerk was directed to pay such royalties to the appellees, which was done.

On the 17th day of September, 1935, a motion, supported by affidavits, to set aside the judgment for irregularities was filed al-

leging, among other things, the fact that on the morning of the 16th day of July, 1935, an answer was filed in behalf of appellants, and appellees' attorney, Tittmann, personally notified thereof and a copy mailed to him. The judgment was dated the day that appellants' answer was filed, but was not filed or entered until the following day. The record does not disclose whether the signing of the judgment or the filing of the answer was first in time.

█ We held in the case of Ortega v. Vigil, 22 N.M. 18, 158 P. 487, that an answer filed after the statutory time for filing had expired, and before judgment by default had been entered by the court, is not a nullity and so long as the answer remains on file and undisposed of the plaintiff in the cause is not entitled to judgment by default, and the rendition of such a judgment constitutes an irregularity for which it may be set aside upon motion filed at any time within one year, as provided by section 105-846, N.M.Comp.St.1929.

█ The question, therefore, is whether the filing and entry of the judgment after the answer was filed was such irregularity as would authorize the setting aside of the judgment. We think this is settled by State v. Capital City Bank, 31 N.M. 430, 246 P. 899, in which we held that a judgment does not become complete and effective until "a proper record is made" as provided by section 34-339, N.M.Comp.St.1929, which is as follows: " * * * the journal or record of the court shall show all proceedings of the court." Similar statutes were cited from Iowa, Ohio, Kentucky, and Washington, and cases from the courts of these states, which hold that such judgments are not effective until entered in the journal of the court. The cases cited are: Case v. Plato, 54 Iowa, 64, 6 N.W. 128; Coe v. Erb, 59 Ohio St. 259, 52 N.E. 640, 69 Am. St.Rep. 764; Smith v. Smith, 103 Ohio St. 391, 133 N.E. 792; Ewell v. Jackson, 129 Ky. 214, 110 S.W. 860; State v. Brown, 31 Wash. 397, 72 P. 86, 62 L.R.A. 974. The court also cited 1 Freeman on Judgments (5th Ed.) § 49.

The judgment in question did not become effective until one day after the filing of the answer and as, according to the Ortega Case, supra, its entry was irregular and the application to set it aside for irregularity should have been sustained unless some disposition was made of the answer.

█ Judge Harry Owen, who tried this case in the district court, is no longer the district judge, and as the case will have to be reversed, we think the judgment should be set aside and the case regularly heard.

The cause is reversed and remanded with instructions to set aside the judgment and proceed with the trial of the cause.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.