## ORANGE THEATRE CORPORATION v. RAYHERSTZ AMUSEMENT CORPORATION et al.

No. 7899.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 20, 1942.

Reargued May 18, 1942.

Decided Aug. 6, 1942.

Israel B. Greene, of Newark, N. J., for appellant.

Joseph Steiner, of Newark, N. J., for appellee.

Before BIGGS, MARIS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This action is brought to recover treble damages for alleged violation by the defendants of the Sherman and Clayton Anti-Trust Acts. 15 U.S.C.A. § 1 et seq. Suit was filed in the District Court of New Jersey. That court granted the plaintiff's petition for process and ordered the respective United States Marshals to serve the defendants in the districts wherein they resided, all outside the District of New Jersey. This was done on October 17, 18 and 21, 1940 respectively for various of the defendants. On November 7, the first of two stipulations was entered into by counsel for all parties, extending the time "within which the said defendants may answer or otherwise move with respect to the Complaint herein, * * *". The second stipulation postponed the date still further. The stipulations were duly filed with the Clerk of the District Court. However, there was no order of the court allowing or disallowing either stipulation. Within the extended period the defendants filed a motion to dismiss the complaint on the basis of the venue being improperly laid. This motion was granted by the District Court and the plaintiff appeals.

Under the statute a defendant is to be sued in the district in which he is an inhabitant.[1] The defendants' objection to venue, therefore, is well taken[2] unless they have lost it. On argument and re-argument the question submitted for determination was whether the stipulations for the extension of time entered into on behalf of the defendants had lost them their right to object to the venue. This issue assumed that the stipulations were effective and binding upon the parties and the court. We believe this assumption was erroneous.

Rule 6(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that when "an act is required or allowed to be done at or within a specified time [under the Rules], the court for cause shown may, at any time in its discretion" enlarge the time limit, if the request therefor is made before the original period expires, or if later, upon a showing of excusable neglect. There was, as already noted, no order by the court extending the time. Furthermore, the stipulations themselves nowhere show any cause or excusable neglect which might move a court to do so, but merely state that the "time * * * is extended." Clearly, there was no compliance with any of the requirements of Rule 6(b). Is the method provided for by that rule exclusive or can litigants by their own stipulation effect an enlargement of time?

There is a lack of unanimity of opinion by the propounders of the Rules upon this point.[3] It is noteworthy, however, that in other places there are specific Rules providing for stipulations by the parties with no mention of court approval. Thus, the parties themselves may by stipulation designate the manner of taking depositions,[4] waive the signing of depositions by witnesses,[5] consent to a trial without a jury,[6] dismiss the action,[7] agree for a jury of less than twelve or that the verdict of a stated majority shall be the finding of the jury,[8] agree to the finality of a master's findings of fact,[9] determine the parts of

---

[1] " * * * except as provided in sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; * * *." 28 U.S.C.A. § 112(a). The exceptions referred to are inapplicable here.

[2] The plaintiff makes the point that the defendants, all individuals, were "found" in New Jersey because of the allegation in the complaint that defendants were doing business there. He refers us, however, to cases involving suits against corporations which are obviously not in point.

[3] See Federal Rules of Civil Procedure, Proceedings of the Institute at Washington, D. C. and of the Symposium at New York City (1938). Mr. Edgar B. Tolman when confronted with this question stated "The stipulation in itself does not accomplish anything except an accord in the mind of the combatants. The stipulation must be made effective by an order of the court." (p. 115). His later comment upon this point was "I might say a word about my answer to the previous question in regard to enlargement of time by stipulation without court order under Rule 6(b). We thought you could not permit a mere stipulation to operate effectively in all cases and take the control of the calendar away from the judge and give it to counsel. That, it would seem, might result in calendars being clogged with cases that were just passed out of an exuberance of good nature on the part of counsel. Therefore, we made no provision that the stipulation alone should be effective. Perhaps the district courts may make a rule under the authority given them by Rule 83 providing that in certain cases and within certain limitations, stipulations shall be recognized without an order. The field of stipulations is one that we did not enter. So far as the present rules are concerned, stipulations alone do not have any effect until the court has recognized them." (p. 189). Mr. William D. Mitchell's answer to the same query was non-committal. (pp. 335, 336). Mr. Charles E. Clark's reply, at the Cleveland meeting was that " * * * since under that rule, which is Rule 6(b), you can get an extension of time without notice to the other side, undoubtedly effect would be given to a stipulation." Federal Rules of Civil Procedure and Proceedings of the American Bar Association Institute, Cleveland (1938) p. 242. It is not clear to us, why this result would necessarily follow since even though notice to the opposing party may not be required, an order of court is still necessary under 6(b).

[4] Rule 29.

[5] Rule 30(e).

[6] Rule 39(a).

[7] Rule 41(a) (1) (ii).

[8] Rule 48.

[9] Rule 53(e) (4).

the record, proceedings, and evidence to be included in the record on appeal,[10] correct the record on appeal[11] and finally but significantly, enlarge the time for the service of opposing affidavits on a motion for a new trial based upon affidavits.[12] With the exception of the last instance, in every case where stipulations are permitted by the Rules, a definite objective is sought: shortening the time of trying a case. And, even the exception is limited so that the extended time cannot exceed 20 days. It is of moment that Rule 6(b) which makes no allowance for enlargement of time by stipulation without a court order, expressly provides that by 59(c) the parties may do this in the case of a motion for a new trial based upon affidavits.

However, in addition to implications and technical rules of construction, there exists a sound policy for denying litigants the privilege of enlarging time for pleading by mere stipulation. The guiding mandate of the Federal Rules is that "They shall be construed to secure the just, speedy, and inexpensive determination of every action." [13] As previously noted, the express provisions in the Rules allowing stipulations aim at this goal. But, if the practice followed by the parties in this case were permitted, the purpose of the Rules would be departed from. Litigants could, as they have done in the past, materially prolong the time for the trial of a case to suit their convenience and interests. The courtesies extended by counsel in such instances, although commendable as professional comity cannot be permitted to interfere with what we think the Rules require. And our conclusion is that the Rules require court approval to make effective such stipulations as those here involved.

We have then this situation: the stipulations extending the time were ineffective and the defendants are in the position of having failed to plead or otherwise to defend within the twenty days allotted under Rule 12(a). They are, therefore, in default. There has been no entry of default in accordance with Rule 55(a).[14] But that entry is a purely formal matter. When this case is remanded the defend-ants may apply to the trial judge to be permitted to answer under Sections 55(c) and 60(b) of the Rules. Permission to plead after the allotted time is a matter for the discretion of the trial judge, but we have no doubt that upon remand the trial judge will take into account the fact that the stipulations which we now hold invalid to create an extension were, nevertheless, relied upon by the parties.

The order of the District Court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

---

[10] Rule 75(f) and (g).

[11] Rule 75(h).

[12] Rule 59(c).

[13] Rule 1.

[14] "(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."