307 P.2d 536

Leola WRAY, formerly Leola Pennington, Plaintiff-Appellee,

v.

George PENNINGTON, Defendant-Appellant.

No. 6076.

Supreme Court of New Mexico.

Dec. 12, 1956.

Rehearing Denied March 6, 1957.

J. R. Wrinkle, Royall & Royall, Silver City, for appellant.

Garland & Sanders, Las Cruces, Foy & Vesely, Silver City, for appellee.

KIKER, Justice.

In this case plaintiff alleged that, of her property, defendant had converted to his own use, by sale thereof, one automobile of the value of $2,400. Plaintiff asked judgment for that amount and for costs of suit.

Defendant, answering, denied all material allegations of plaintiff's complaint; and alleged affirmatively that he was the owner of the automobile in question at the time of its sale by him. The court entered judgment for the plaintiff and defendant has appealed.

The facts in this case, as found by the trial court, are: Herman W. Pennington and plaintiff, Leola Wray, were married on or about August 3, 1949; the defendant is the father of Herman W. Pennington, and knew of the marriage; the parties separated very quickly and the son returned to the defendant's home to live; thereafter the son used the automobile in question until defendant sold it in August, 1950; on September 19, 1949, Herman W. Pennington filed suit for divorce from plaintiff; defendant knew of the pendency of that action and was present at its trial; the then presiding judge stated, at the close of the divorce hearing, that defendant in that suit, plaintiff herein, was the owner of the automobile as a marriage present from her husband; the reasonable value of the automobile at the time defendant sold it was $2,400; defendant has kept the proceeds of the sale; sale was made by defendant without the knowledge of plaintiff, and plaintiff received no part of the proceeds.

The divorce hearing was had on June 8, 1950. The final decree, incorporating findings of fact and conclusions of law, was signed by the trial judge on July 17, 1951, more than a year later.

Exhibits in the record show that the automobile was purchased by Herman W. Pennington on June 30, 1949; and evidence shows that on the date of the purchase he paid $1,200 cash and borrowed $2,000 from a Silver City bank, giving a note for that amount and a mortgage on the car as security for the loan. After the purchase of the car, Herman W. Pennington married plaintiff.

There is no evidence that plaintiff ever had registered title to the car, though the statutes of New Mexico require that every owner of a motor vehicle shall have it registered and secure a certificate of title. §§ 64-3-1 et seq., N.M.S.A.1953.

Before the 30th day of September, 1949, the due date of the bank loan, defendant had information that the bank would take over the car from his son if the amount loaned should not be paid by that date. Defendant went to the bank and made arrangements to pay the indebtedness, and the bank was paid by members of the Pennington family other than Herman W. Pennington. According to defendant's testi-

mony, the payment was made by another son as repayment to the defendant for money loaned. The cancelled notes and release of mortgage were deliverd to some member of the Pennington family. Thereafter, on May 4, 1950, the registered title to the car was transferred to defendant. All this occurred more than a year before judgment was entered in the district court in the divorce proceeding.

 Defendant requested the court to find that Judge Anderson stated in open court, at the divorce hearing, words to the effect that the court was not then advised of the legal effect of the transfer of the automobile from Herman W. Pennington to his father. The court correctly denied the requested finding, for the reason that no statement made by the trial judge in the divorce hearing is of any binding effect whatever in that case or in any other case except as included in the findings of fact, conclusions of law, and judgment entered in the case. This is true as to all statements of trial judges; and no judgment is effective until filed as such. Animas Consolidated Mines Co. v. Frazier, 41 N.M. 389, 69 P.2d 927; Quintana v. Vigil, 46 N.M. 200, 125 P.2d 711. That which has been said about oral statements of the trial court in the divorce case is no less true of the oral declarations made by the trial judge as to findings and conclusions than as to the oral statements upon which defendant desires to rely.

 The oral statement of the court in the divorce proceeding that the plaintiff herein was the owner of the automobile as a marriage present from her husband was not, per se, binding on anybody. It could not support a claim of res adjudicata, for the matter was not thereby adjudged. It could not be the basis for a claim of collateral estoppel for the same reason, and is not a predicate for equitable estoppel because at the time the remark was made in defendant's presence he had already acquired his interest in the automobile. This latter fact also defeats the claim of res adjudicata based upon the judgment finally rendered in the divorce action because privity between the present defendant and the defendant in the divorce proceeding, in the required sense, is lacking. Hocken v. Allstate Ins. Co., 235 Mo. App. 991, 147 S.W.2d 182; White v. Peterson, 222 Iowa 720, 269 N.W. 878.

 The defendant took title to the car more than a month before the hearing in the divorce case, and more than a year before the divorce decree was entered. He sold it to someone in California about a year before the divorce decree was entered.

The registered title remained in the name of Herman W. Pennington until after his father had discharged the indebtedness to the bank and, as said above, before there was a hearing in the divorce case the title was transferred to defendant. It is to be

remembered that this automobile was originally the separate property of Herman W. Pennington. He purchased it before he was married to the plaintiff, and he became obligated on the date of purchase for a note and mortgage. Plaintiff exercised no dominion over the property.

Until title passed to defendant, the certificate of title held by Herman W. Pennington was prima facie evidence of his ownership of the automobile, and of the lien of the bank, until that was discharged. § 64-3-10, N.M.S.A.1953. When the certificate of title was issued to defendant, he took the evidence which made his title prima facie evidence of the ownership of the vehicle, and indeed there is nothing in this case which is proof of any fraudulent conduct as between defendant and his son, Herman.

There is no claim of fraudulent conduct on the part of the defendant set up in the pleadings. Defendant is charged in the complaint with having converted the automobile to his own use—at a time when, having paid the mortgage indebtedness on the car, he held the car with the note and mortgage originally given to the bank, until he sold the car for less than he had paid the bank. At no time was plaintiff entitled to the immediate possession of the car from the bank or from defendant without first paying the indebtedness against the car. This she did not do, and made no offer to do. Plaintiff, never having been entitled to the immediate possession of the car, could not maintain an action for conversion. Ross v. Lewis, 23 N.M. 524, 169 P. 468; Pryor v. Portsmouth Cattle Co., 6 N.M. 44, 27 P. 327; Bustin v. Craven, 57 N.M. 724, 263 P.2d 392; Johnson v. Flowers, 119 Utah 425, 228 P.2d 406; McCoy v. Northwestern Casualty & Surety Co., 3 Cal.App.2d 534, 39 P.2d 864. See also 89 C.J.S., Trover & Conversion, §§ 72, 74, pp. 570, 572; 53 Am.Jur. 859 et seq.

The defendant-appellant has assigned other points for reversal of this case, but because of that which has been said, it is unnecessary to discuss those propositions.

The judgment of the lower court should be reversed with directions to dismiss the action. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.