**Saul MOFFITT, Appellant,**

v.

**Wiley ASHER, Appellee.**

Court of Appeals of Kentucky.

Feb. 22, 1957.

Rehearing Denied June 7, 1957.

J. Leonard Davis, Harlan, for appellant.

Roy W. House, Manchester, for appellee.

MONTGOMERY, Judge.

The automobiles of the appellant, Saul Moffitt, and appellee, Wiley Asher, collided. Asher sued Moffitt and recovered judgment in the sum of $750. On the appeal, Moffitt contends that the trial court erred in permitting a reply to be filed after the time allowed under CR 12.01 had expired.

The appellant filed an answer and counterclaim on October 8, 1955, by which he sought to recover $3,500 in damages. By an order dated December 6, 1955, the case was set for trial on January 19, 1956, a day in the next term of the court.

The reply was filed December 19, 1955. It was a simple traverse. On the same day, appellant filed a motion to strike the reply for late filing, which was overruled on January 3, 1956.

The case was tried upon evidence produced by each party. Appellee received a verdict. Appellant promptly filed a motion

for a judgment notwithstanding the verdict on the basis of his earlier motion. The trial court overruled the second motion.

Appellant urges that the trial court erred in permitting the filing of the reply and in failing to set aside the verdict rendered. He contends that judgment should be granted to him on the question of liability and that a jury should then assess his damages.

It was the duty of the appellee to serve his reply within twenty days after service of the answer. CR 12.01. The enlargement of time within which an act is allowed to be done is governed by CR 6.02, the pertinent part of which follows:

"When * * * by these rules * * * an act is required * * * to be done * * * within a specified time, the court for cause shown may, at any time in its discretion, * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; * * * "

██ The periods of time prescribed in CR 12.01 may not be enlarged except by approval of the trial court. Moore's Federal Practice, Volume 2, page 2232. Permission to plead after the allotted time is a matter within the discretion of the trial judge. Orange Theatre Corporation v. Rayherstz Amusement Corp., 3 Cir., 1942, 130 F.2d 185.

█ Under CR 6.02(2), permission to do an act is conditioned upon a showing that the failure to act was the result of excusable neglect. While the briefs filed herein have sought to "wheelbarrow" into the record the respective justification or condemnation of counsel, the record is silent as to what was considered by the trial court in arriving at the decision made. In the absence of such a showing, it cannot be said that there was an abuse of discretion. The presumption is that the ruling of the trial court was justified.

Judgment affirmed.