372 P.2d 797

Ben T. ROGERS, Plaintiff-Appellee,

v.

LYLE ADJUSTMENT COMPANY,
Defendant-Appellant.

No. 7042.

Supreme Court of New Mexico.

June 28, 1962.

Sheehan, Duhigg & Christensen, Albuquerque, for appellant.

Dan B. Buzzard, Clovis, for appellee.

NOBLE, Justice.

Two principal questions are presented by this appeal: (1) Under Rule 55 of the Rules of Civil Procedure, may a default judgment be entered after the filing of a late pleading; and (2) did the trial court abuse its discretion in refusing to vacate the default judgment and permit the filing of an answer?

Appellant (defendant below) was served with process in a civil action on April 17,

1961, and its appearance was entered by its attorneys on May 6. On May 24, 1961, no further pleading having been filed by appellant, notice was filed and served on counsel for appellant that appellee (plaintiff below) would apply to the court for default judgment on June 1. Appellant filed its general denial on May 29 but failed to appear for the hearing on the motion at the time set on June 1. After the taking of testimony in the absence of counsel for appellant, default judgment was entered on June 8. Thereafter, on June 13, 1961, appellant orally moved the court to vacate the default judgment and permit the filing of its answer. A similar written motion was filed and argued on June 22. There was also filed a motion to vacate the default judgment as irregularly entered. All motions were denied and this appeal results.

Appellant asserts that the court may not enter a default judgment so long as a pleading by defendant remains on file, even though such pleading was untimely filed and relies on Ortega v. Vigil, 22 N.M. 18, 158 P. 487, and Animas Consolidated Mines Co. v. Frazier, 41 N.M. 389, 69 P.2d 927. Both of these decisions were prior to the adoption of our Rules of Civil Procedure and are not controlling.

Rule 6(b) is as follows:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done."

■ Rule 6(b) places the exclusive control as to enlargement of time for pleading in the court, not with counsel, and here no motion to permit a late filing was made. Loew's, Inc. v. Sanfrebob Theatre Corp., 8 Fed.Rules Service 840; Orange Theatre Corp. v. Rayherstz Amusement Corp. (C. C.A. 3), 130 F.2d 185.

Rule 55(a) reads:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

■ Subsection (b) of Rule 55 provides for default judgments. Our Rule 55 (a) is identical in language with the federal rule. Entry of default by the clerk is merely a formal matter and is entered as a matter of course upon the default being called to the attention of the clerk. U.

S. for and in Behalf of Federal Housing Administration v. Jackson, D.C., 25 F.Supp. 79. However, although the entry of default should normally be by the clerk, the court has power to do so. Moore's Federal Practice, Vol. 6, § 55.02, p. 1807; 3 Barron & Holtzoff-Federal Practice and Procedure, § 1212. Interstate Commerce Commission v. Smith, D.C., 82 F.Supp. 39; U. S. v. Jackson, supra. In the instant case, the record does not disclose a default entered by the clerk but the default judgment itself declares the default. We think that since entry of default is only a formal matter that entry of the default and the default judgment may be simultaneous and by a single instrument.

Rule 55(c) provides:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

■■ It is clear that a party in default for failure to plead or otherwise defend the action must apply to the court for relief under Rule 55(c) before he can plead in the cause. 3 Barron & Holtzoff, Federal Practice and Procedure, § 1212; 6 Moore's Federal Practice, § 55.03; Loew's, Inc. v. Sanfrebob Theatre Corp., supra; Orange Theatre Corp. v. Rayherstz Amusement Corp., supra; Moffitt v. Asher (Ky.1957), 302 S.W.2d 102. An appearance alone where there has been no pleading does not prevent a party from becoming in default. 6 Moore's Federal Practice, § 55.02, p. 1807, but if such appearance is entered prior to default, the party is entitled to three days' notice of application to the court for a default judgment. Rule 55(b), Rules of Civil Procedure. As we construe the rule, the purpose of the three-day notice is not to give the party time within which to plead defensively, but to seek to set aside the default as provided by Rule 55 (c) and for enlargement of time within which to plead in accordance with Rule 6 (b).

■ Notice that appellee would apply to the court for default judgment as provided by the rule was given in this case and appellant failed to appear at the time fixed. The court heard appellee's evidence and entered the default judgment for the amount the court found to be due. Default judgment was properly entered notwithstanding that after such notice and before entry of judgment, appellant filed a general denial. No application was made for enlargement of the time within which to plead as required by Rule 6(b) of the Rules of Civil Procedure. Loew's, Inc. v. Sanfrebob Theatre Corp., supra; Orange Theatre Corp. v. Rayherstz Amusement Corp., supra.

Appellant thereafter orally moved· the court to vacate the default judgment on the

ground that an answer was pending at the time of entry of the judgment and on the ground of excusable neglect. The motions were denied and appellant later filed a written motion pursuant to Rules 55(c) and 60(b) of the Rules of Civil Procedure asking that the judgment be vacated and alleging (1) that counsel for appellant were unable to secure certain information; (2) that it was their understanding that default judgment could not be entered if they had entered an appearance provided an answer was filed prior to entry of default judgment even though untimely filed; (3) that appellant had a meritorious defense, and, that no prejudice resulted from the delay. This motion was likewise denied and appellant asserts that its denial was an abuse of discretion by the court.

A default judgment may be set aside by the court (Rule 55(c) ) in accordance with Rule 60(b) for "(1) mistake, inadvertence, surprise, or excusable neglect * * * or (6) any other reason justifying relief from the operation of the judgment." The action of the trial court, under Rule 60(b) of our Rules of Civil Procedure, is discretionary. Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913, 51 A.L.R.2d 830. The trial court specifically found that appellant failed to appear on June 1, 1961, after notice that judgment by default would be applied for on that date. By its motion to vacate the default judgment appellant alleged that its failure to timely answer was by reason of the fact that all of the records upon which appellee's claim was based were not in defendant's possession, yet appellant made no showing that it then had the records or would be able to obtain them; neither was any valid excuse advanced for failure to attend at the hearing before the court of which he had been duly notified.

In exercising such discretion, courts should bear in mind that default judgments are not favored and that, generally, causes should be tried upon their merits, but should also recognize that the rules of procedure are intended to provide an orderly procedure and to expedite the disposal of causes. A review of a trial court's action in its exercise of discretion does not depend upon whether we would have reached the same conclusion, but rather upon whether, as a matter of law, there was an abuse of discretion. In the light of the facts disclosed by the record, including appellant's inexcusable disregard of the hearing set for considering the motion for default, we cannot say, as a matter of law, that the discretion resting in the trial court was abused. If appellant had been present at the hearing on the default and the court had then refused to permit the late filing of the answer and to consider the case on its merits, a much stronger case for holding that discretion was abused would be made. Tozer v. Charles A.

Krause Milling Co., 3 Cir., 189 F.2d 242, 244.

It has been suggested to us and we recognize that it some districts, by custom and common practice it may have been generally thought that an entry of appearance followed by late pleading would protect against the entry of default judgments, as was held to be true under the rules applicable before August 1, 1942, when the present rules were adopted generally to conform to the federal rules of civil procedure. See Ortega v. Vigil, supra, and Animas Consolidated Mines Co. v. Frazier, supra. As to pending cases where such custom and practice may have been followed, we are confident that in a proper case the trial court, in passing on motion for enlargement of time under Rule 6 (b) (2), or to set aside a default entered under Rule 55(a) (§ 21–1–1(55) (a), N.M. S.A.1953) or a default judgment entered under Rule 55(b) (§ 21–1–1(55) (b), N.M. S.A.1953), will exercise its discretion in connection with motions filed pursuant to Rule 55(c) (§ 21–1–1(55) (c), N.M.S.A. 1953) so as to avoid any injustice that might result from application of the rules as herein interpreted.

Whatever may have been the practice, in our view there can be no valid excuse for failure to attend at any hearing of which an attorney has been notified, or to timely arrange with the court to be excused therefrom. An attorney who disregards a notice or is satisfied to rely on what may be described as custom or practice in some districts, without express approval of the court, should not be heard to complain about what occurs at the hearing and within the purview of the notice.

Finally, appellant urges that the default judgment should have been vacated as irregularly entered, (1) because no notice to strike the answer untimely filed was given, and (2) the notice did not specify the place where the motion for default judgment would be heard. We find no merit to this contention. The first of these contentions has been disposed of by what we have said. The action was pending in Curry County and in the absence of stipulation or agreement any proceedings requiring the presence of the parties or their attorneys could only be at the Court House in Curry County. We think the place of the hearing as being at the Court House in Curry County, New Mexico, is implicit in the notice.

Finding no error, the judgment appealed from is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ and MOISE, JJ., concur.