In re SONOMA V, a California general partnership, Debtor.

SONOMA V, et al., Appellants,

v.

FIELDS AND SELLS, Appellees.

BAP No. NC 81–1069 VEG.
Bankruptcy No. 1–80–00463.
Adv. No. 1–80–0095.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted Oct. 26, 1981.

Decided May 19, 1982.

Before VOLINN, ELLIOTT and GEORGE, Bankruptcy Judges.

MEMORANDUM

PER CURIAM.

The debtor, Sonoma V, appeals from the trial court's refusal to consider its motion to amend the judgment and findings under Bankruptcy Rule 752. The debtor's motion was filed with the court on the 13th day after the judgment was entered. We agree with appellant's position that whether or not the time to appeal has expired under Rule 802(b) is premature. We nonetheless affirm the trial court's action with respect to the debtor's Rule 752 motion.

Bankruptcy Rule 752(b) requires that a motion to amend findings, or make additional findings and amend the judgment accordingly, may be made not later than ten days after entry of the judgment. This language tracks the language of Fed. R.Civ.P. 52(b). The trial court erred in deciding that a motion was not made until it had been filed with the court. A motion is "made" when it is served on the opposing party, 5A *Moore's Federal Practice*, 2748, n. 8, *Keohane v. Swarco*, 320 F.2d 429. The only requirement concerning filing is that the motion must be *filed* with the court within two days after it is served. Bankruptcy Rule 705(b).

However, in this case, the motion was not made, that is served, until it was personally

delivered to opposing counsel on the 11th day after the entry of judgment. If the motion was timely made on the 11th day, the filing with the court on the 13th day was timely.

Appellant argues that the making of the motion on the 11th day was timely because it was pursuant to stipulation. The record shows that opposing counsel does not dispute that he agreed to a personal delivery of the moving papers in his office on the 11th day in lieu of deposit of those moving papers in the mail addressed to him on the 10th day.

Are the parties free to enlarge time without court approval? Bankruptcy Rule 906(b) which is patterned after Fed.R.Civ.P. 6(b) provides that where, by the rules, an act is required to be done within a specified period of time, the court for cause shown may enlarge the time if the request therefore is made before the expiration of the prescribed time. Appellant does not contend that the trial judge extended the time for the making of the motion to amend under this rule.

[t]he parties may not extend the time to perform acts under the rules by a stipulation unapproved by the court; a valid extension may be obtained only under the conditions prescribed in Rule 6(b) or in other rules.

2 *Moore's Federal Practice*, ¶ 6.08, Page 1500.74; *Orange Theatre Corporation v. Rayherstz Amusement Corporation*, (C.A. 3d 1942) 130 F.2d 185.

At first reading, this rule may appear to be somewhat harsh. The reasons given by the Third Circuit in the *Orange Theatre Corporation, supra*, case at Page 187 are instructive.

But, if the practice followed by the parties in this case were permitted, the purpose of the Rules would be departed from. Litigants could, as they have done in the past, materially prolong the time for the trial of a case to suit their convenience and interests. The courtesies extended by counsel in such instances, although commendable as professional comity cannot be permitted to interfere with what we think the Rules require.

We note that the trial judge cannot extend the time for filing a motion under Rule 752(b) once the initial ten day period has expired, even upon a showing of excusable neglect,. Rule 906(b)(2). The order of the trial court declining to hear appellant's post-trial motion is AFFIRMED.