703 F.2d 429
 10 Bankr.Ct.Dec. 700, Bankr. L. Rep. P 69,219
 In re SONOMA V, a California general partnership, Debtor.
SONOMA V, Debtor-Appellant,
v.
Marilou Cotchett SELLS, Robert Sells, Russell Fields and
Dorothy Fields, Appellees.
 No. 82-4435.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 15, 1983.
Decided April 8, 1983.
 
 Douglas Holt, Geller & Holt, Burlingame, Cal., for appellees.
 James Beyers, Misuraca, Beyers & Costin, Santa Rosa, Cal., for debtor-appellant.
 On appeal from the Bankruptcy Appellate Panel for the Ninth Circuit.
 Before WRIGHT, CANBY, and BOOCHEVER, Circuit Judges.
 PER CURIAM:
 
 
 1
 After an adversary bankruptcy proceeding, Sonoma V sought to make some post-trial motions. These motions were required to be mailed February 2, 1981. Instead, the parties stipulated to hand delivery the next morning. The Fields and the Sells contend that the motions were not timely filed. The bankruptcy court and the Bankruptcy Appellate Panel both found that the motions were not timely filed. We affirm, 21 B.R. 21.
 
 FACTS
 
 2
 In an adversary proceeding in the bankruptcy court, a judgment was rendered for Marilou Cotchett Sells, Robert Sells ("the Sells"), Russell Fields and Dorothy Fields ("the Fields"), the creditors, against Sonoma V and San Mateo 24 ("Sonoma V"), the debtors. Under the bankruptcy rules, the motions had to be mailed to the Fields and the Sells on or before February 2, 1981, and received by the court within two days thereafter.
 
 
 3
 On February 2, Carrie Tapian, a secretary of Sonoma V's attorney, Malcolm Misuraca, called Dennis Davis, the attorney for the Fields and the Sells. Davis agreed to personal delivery of the motion the following morning in lieu of having the motions mailed to him that night. The agreement only concerned service on the Fields and the Sells, and did not concern the time of filing the motions in court.
 
 
 4
 The next day, February 3, the motions were served on Davis by courier service. That day, Tapian mailed the motions and an affidavit of service to the court. They were received by the court February 5.
 
 
 5
 When the motions were heard on March 12, the bankruptcy court held that the time for filing the motions was governed by Fed.R.Bankr.P. 802, which requires receipt by the court within 10 days after the entry of judgment. The court thus refused to hear the motions. The Bankruptcy Appellate Panel for the Ninth Circuit held that the time for filing was governed by Fed.R.Bankr.P. 752, not rule 802, but affirmed on the ground that the parties may not stipulate to extend the time for filing of motions. 21 Bankr. 21, 22 (Bankr. 9th Cir.1982) (mem.). Sonoma V appeals to this court.
 
 DISCUSSION
 
 6
 As a preliminary matter, we must determine whether Fed.R.Bankr.P. 752 or 802 governs the time for filing the motions in this case. We agree with the Bankruptcy Appellate Panel that rule 752 applies. Rule 802 deals with the time for filing a notice of appeal. Rule 752 concerns the time for filing certain post-trial motions, including those in question here. Rule 752 requires that such motions be "made" within 10 days after the entry of judgment. A motion is "made" by causing it to be served on the opposing party. 5A J. Moore & J. Lucas, Moore's Federal Practice p 52.11, at 2748 n. 8 (2d ed. 1982); Keohane v. Swarco, Inc., 320 F.2d 429, 431-32 (6th Cir.1963). Service is complete upon mailing. Fed.R.Bankr.P. 906(e). The only timeliness requirement for filing with the court is that the motion must be filed not later than two days after it was served. Fed.R.Bankr.P. 705(b).
 
 
 7
 The motions were prepared by 3:30 p.m. on February 2, 1981. The motions would have been timely made if mailed to opposing counsel then (and received by the court within two days thereafter). Instead, by stipulation of the parties, the motions were served by hand delivery the next morning (and were received by the court two days after service). The parties agreed to enlarge time when they stipulated to personal service on the day after it would otherwise have been due to be mailed.
 
 
 8
 The rule providing for enlargement of time is Fed.R.Bankr.P. 906(b). It provides, in part:
 
 
 9
 When by these rules ... or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged ....
 
 
 10
 (emphasis added). The implication of the rule is that only the court may order an enlargement of time (and only for cause shown) and that the parties may not stipulate without court approval to an extension of time.
 
 
 11
 Fed.R.Bankr.P. 906(b) was patterned after Fed.R.Civ.P. 6(b). See Advisory Committee's Note to Fed.R.Bankr.P. 906(b). The texts of the two subsections are virtually identical. Under Fed.R.Civ.P. 6(b) the parties may not agree to an extension of time without court approval. Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185, 187 (3d Cir.1942) (en banc); 2 J. Moore & J. Lucas, Moore's Federal Practice p 6.08, at 1500.74 & n. 9; 4 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1165, at 627-28 & n. 83 (1969).[1]
 
 
 12
 Although this rule against stipulations to enlarge time without court approval appears harsh, it was adopted for good reason. As the third circuit stated in Orange Theatre:
 
 
 13
 But, if the practice followed by the parties in this case were permitted, the purpose of the Rules would be departed from. Litigants could, as they have done in the past, materially prolong the time for the trial of a case to suit their convenience and interests. The courtesies extended by counsel in such instances, although commendable as professional comity cannot be permitted to interfere with what we think the Rules require. And our conclusion is that the Rules require court approval to make effective such stipulations as those here involved.
 
 
 14
 130 F.2d at 187. Wright & Miller explain the rule as enabling the court, which is responsible for the condition of its docket and for the speed with which it administers justice, to exercise full control over extensions of time and thus to insure a proper flow of judicial business. 4 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1165, at 627-28.
 
 
 15
 Sonoma V argues that this case falls under the rule of Thompson v. Immigration & Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam). See also Wolfsohn v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (per curiam). This argument is meritless. In both Thompson and Wolfsohn the district court made some affirmative representation causing the party to believe it had filed its papers on time. Here, the bankruptcy court made no such representation.
 
 
 16
 Our holding is a limited one: parties may not, by private agreement, extend the time for filing motions with the court under Fed.R.Bankr.P. 906(b). We express no opinion on whether they may stipulate to increase the time for service of process. Our concern is that parties not be able to affect the time for filing with the court.[2]
 
 
 17
 The judgment of the Bankruptcy Appellate Panel is AFFIRMED.
 
 
 
 [1]
 In the First Draft of Proposed Amendments (May, 1944), proposed rule 12(a) of the Civil Rules would have allowed the parties to extend deadlines once by written stipulation without the approval of the court. Many district judges objected to this proposed amendment, and so it was not incorporated in the Second Draft (May, 1945), the Final Draft (June, 1946) or the amendments as promulgated by the Supreme Court. 2 J. Moore & J. Lucas, Moore's Federal Practice p 6.08, at 1500.74 n. 9; 4 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1165, at 628 n. 84
 
 
 [2]
 We do not condone the behavior of former counsel for the Fields and the Sells in agreeing to an extension of time, and then using to its advantage Sonoma V's good faith reliance on that agreement