## No. 11,952.

### GAMEWELL *v.* STRUMPLER.

Decided October 15, 1928.

Mr. T. E. MUNSON, Mr. JOHN O. BECK, for plaintiff in error.

Mr. CLAUDE D. WALROD, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS action by plaintiff Gamewell, equitable in its nature, is for a temporary injunction, to be made permanent on final hearing, to restrain the defendant Strumpler from his threatened purpose of entering upon the plaintiff's farm lands or interfering with his possession. The answer to the complaint consists of a general denial coupled with a demurrer for insufficient facts. The application for the temporary writ was denied and the hearing thereon was treated by the parties and the court as a final hearing, which resulted in a judgment of dismissal of the action. To this judgment plaintiff prosecutes this writ.

The evidence produced tended to show that the boundary line of these two separately owned tracts of land, as theretofore existing, had been changed by the decree of the district court of Phillips county, the same court in which this action was brought, in an action or proceeding under chapter 24 of our Code of Civil Procedure, instituted for the purpose of establishing disputed boundary lines in this and other sections of the county. That by reason of, and resulting from, the survey made by order of the district court in that proceeding, the dividing line in question here was extended over on plaintiff Gamewell's land and the controversy now before us is over the land lying between the so-called former, and the latter judicially established boundary line. The defendant admitted that his intention was to take possession of this disputed strip; unless some court order or its equivalent interfered, he expected to go on and take the land from the plaintiff, but whether peaceably or by force and violence the record is silent.

The questions presented upon this review are thus stated by counsel for plaintiff in error in their opening brief: (1) Did the complaint state a cause of action? (2) Did the district court have jurisdiction to render the

decree in the survey case? The second proposition or statement counsel have thus subdivided: (a) Did the court have jurisdiction over the subject matter of settling boundary lines between the plaintiff and the defendant? (b) Did the court have jurisdiction over the person of the defendant Gamewell in the survey case?

In the first question as above phrased by the plaintiff the issue is not precisely stated. More accurately expressed the question is whether the complaint states a cause for equitable relief because of the threatened acts of the defendant to take possession of plaintiff's land. If the judgment in the survey case is on its face void for want of jurisdiction of the district court in that proceeding to determine the corners and boundary line between the lands of these parties, or for lack of jurisdiction of the defendant's person, then, of course, the judgment is wrong. To these propositions just mentioned we now address ourselves. If plaintiff is right as to either, the judgment is wrong; if wrong as to both, the judgment should stand.

Plaintiff's counsel strenuously contend that the district court in the survey case was without jurisdiction to determine "wholesale" the corners and boundary lines of lands situate in each section and quarter section lying in four different townships of the county. Section 298, chapter 24 of our Code of Civil Procedure, under which the attacked proceeding was brought, reads: "When one or more owners of land, the corners and boundaries of which are lost, destroyed, or in dispute, desire to have the same established, they may bring an action in the district court, of the county where such lost, disputed or destroyed corners or boundaries or part thereof, are situated, against the owners of the other tracts which would be affected by the termination or establishment thereof, to have such corners or boundaries ascertained and permanently established."

There is nothing in the language of the quoted section that purports to restrict or limit a determination to lands

situate in any one township or range or to any particular section or fraction thereof in the county. Neither is there allegation in the complaint nor any proof to negative the legality of the plan and theory adopted by the trial court of causing a survey of all the lands in the four different townships to establish boundary lines and corners thereof. The burden of plaintiff's complaint, however, and his contention here is, that determination should be restricted to the particular township in which the lands of the plaintiff and the defendant lie. The complaint states that the plaintiff owns and possesses land in section 13 of township 8, range 43, and that defendant's adjacent land lies in the same section. The prayer of the complaint in the survey case asked for a fixing of lost or destroyed or disputed corners and boundary lines of lands in the township and section and range which belong to the plaintiff, and other lands in the same and other townships and ranges that belong to the various defendants named in the complaint, and prays for a determination of lost or destroyed or disputed corners and boundary lines thereof. It may be that the district court, if objection had been seasonably made by defendant or defendants to the inclusion of too much land or lands in sections, townships and ranges different from those belonging to the plaintiff and the defendant, might have excluded the same. It may also be true that where, as alleged in this case, no legal survey of the lands in question had ever been made, that the boundaries and corners thereof are, if ever made, lost, destroyed or obliterated, the trial court was justified in proceeding as requested to ascertain and establish lost or disputed or obliterated corners and boundary lines in the four different townships of the same county. And it may be true, and the contrary is not alleged in this complaint, that the proper location of the lost or destroyed or disputed corners and lines of the lands lying along or adjacent to the state line between the states of Colorado and Nebraska— Phillips county bordering on the east the state of Ne-

braska—could be made only by including all the lands whose corners and boundary lines were determined in this one action. At all events, the statute itself does not restrict determination to lands in a single township or to any designated tracts. The court's jurisdiction is not limited to any designated sections or to townships or to any particular part of the county. It had the power, that is, it was within the jurisdiction of the district court in the survey case to determine the location of the lost, destroyed or disputed boundary lines of the lands described in the decree. It may have unwisely included in its determination, though we do not say that it did, lands that are not situate in the particular section, township or range in which the lands of the plaintiff and the defendant lie; but we cannot say as matter of law that this inclusion was not necessary to the proper determination of the corners and boundary lines of the lands of the plaintiff and the defendant. In other words, the court in the survey case had jurisdiction to determine the location of lost, disputed or destroyed corners or parts thereof of lands belonging to the parties to that action, situate in Phillips county, as against the owners of other tracts in that county that would be affected by such determination. The district court certainly had jurisdiction to determine whether the boundary lines and corners of lands lying in other townships of the same county would be affected by the determination of the boundary lines and corners of the lands of plaintiff and defendant. The lands in Phillips county were at one time property of the United States and the original survey thereof was made by its officers. Some, if not all, of the surveys probably were made before the state was organized and subdivided into counties. Counties are mere subdivisions of the state for governmental purposes, while a governmental survey of lands in the state is made regardless of counties or county lines. When boundary lines and corners, once established, are lost, destroyed or obliterated, it may well be that the location and de-

termination of lost or obliterated lines of lands situate in a particular section or township cannot be accurately ascertained without extending the survey to lands situate in other sections or townships. As already stated, the court may have made a mistake in retaining in the petition lands lying in townships and ranges other than the township and range in which the lands of the plaintiff and defendant are situate, but the mistake, if any, was made in the exercise of a jurisdiction which the court possessed. The court also may have erred in determining that the lands in these other townships would be affected by a determination of the corners and boundaries of the lands of the plaintiff and the defendant, but this error, if any, would be committed within the court's jurisdiction of the subject matter. Such error might be corrected by a direct review, but the ruling of the district court thereon, being upon a subject matter of which the court had jurisdiction, could not, as attempted here, be made in a collateral attack. We hold that the district court had jurisdiction of the subject matter in dispute and the power to pronounce the particular judgment here attacked. Such a judgment cannot be attacked collaterally.

Aside from the foregoing it should be said that we are unable to perceive how or why the plaintiff is entitled to complain of the inclusion of lands situate in townships other than the particular township 8 in which the lands of plaintiff and defendant are situate. As we understand plaintiff's argument he concedes that the district court had jurisdiction to determine boundary lines and corners in township 8, in which his lands and those of the defendant lie, but not in the other townships. If defendants, land owners in the other townships, might complain of the inclusion of their lands, if it was error to include them, we do not see what possible injury it is to the plaintiff that these other townships were included because the court confessedly had jurisdiction to deter-

mine the boundaries and corners of lands situate in the township 8 where the lands of the defendant and the plaintiff lie.

Plaintiff Gamewell in this action was named as a defendant in the survey case, but was not personally served with summons and did not enter his appearance therein. Plaintiff now says that the attempted service of summons upon him in that proceeding was not in accordance with the Code, hence the judgment against him is void on its face. Under our Code of Civil Procedure, which governs, section 39 of chapter 3, provides that summons shall be served by the sheriff or by any person not a party to the action. Section 45 of chapter 3 of the Code provides that service by publication shall be allowed only after summons issued and return thereon made that the defendant after diligent search cannot be found. The summons in the pending action was not delivered to the sheriff for service but to Albert Lock, a person not a party to the action, which the Code permits. His return was made thereon that after diligent search, etc., the defendant Gamewell could not be found. It is upon this affidavit of Lock that publication of summons followed and upon which the judgment here attacked rests. Rule 14a of this court took effect February 1, 1925. It provides, among other things, that in addition to the present requirements of the Code, in case of service by publication, before the order therefor, the return of the sheriff must show and set forth the efforts he has made to obtain service, etc. The verified return of Lock in the survey case was made November 28, 1924, and before rule 14a took effect. The rule, of course, is not applicable to the contention here made. Plaintiff's counsel recognizing this say that in any event it is a proper construction by this court of what the code requirement, as to publication, contemplates. We do not think that is true because the rule itself says that the provisions of the requirement are in addition to the present requirement of the Code. If the rule, as it says on its face, was an addition to the

then existing requirements of the Code, and the Code provisions included the requirements of the rule, there would be no necessity for the adoption of the rule. We must not be understood as holding that under rule 14a it is essential to the validity of publication of summons that the summons must be delivered to the sheriff only and his return made thereon, or that a return by a person not a party to the action, to whom the summons is delivered, would not be good. There is no question of that sort before us.

Another objection to this service by publication is that Lock's return is defective. It states, among other things, that diligent search was made for more than ten days in the county of Phillips and that the defendant Gamewell, naming him, could not be found. The sheriff, or person not a party to the action, to whom the summons in a civil action under the Code is delivered for service, is not, in his search for the defendant, required to go outside the county in which the action brought is pending. And the return thereon by such officer or person, that defendant cannot after diligent search be found therein, constitutes a proper and sufficient basis for publication of the summons.

It follows from the foregoing that the judgment in the survey case was, and is, on its face a valid judgment and cannot be attacked collaterally upon grounds that might, or might not, have warranted its reversal upon a direct review. It also follows that the court acquired and had jurisdiction of the person of the defendant Gamewell in that proceeding by publication of service valid under our statute. The judgment of the district court is therefore affirmed.

All the Justices concurring, except Mr. Justice Burke who was not present and did not participate in the decision.