532 P.2d 57 (1975)
BANKERS UNION LIFE INSURANCE COMPANY, a Colorado Corporation, Plaintiff-Appellee,
v.
Angelo V. FIOCCA, Defendant-Appellant.
No. 74-318.
Colorado Court of Appeals, Div. III.
February 11, 1975.
*58 William H. Haring, Denver, for plaintiff-appellee.
Russell W. Bartels, Denver, for defendant-appellant.
Selected for Official Publication.
RULAND, Judge.
Defendant, Angelo V. Fiocca appeals from the denial of a motion to vacate a default judgment entered against him. We reverse.
The record reflects the following sequence of events. Plaintiff, Bankers Union Life Insurance Company, initiated this action to recover $750 plus interest, attorney's fees, and costs on a promissory note. Fiocca was served with summons and complaint on September 19, 1973. On October 3, 1973, he filed a motion to dismiss which was denied by the trial court on October 31, 1973. At that time Fiocca was granted 10 days in which to file an answer to the complaint.
Fiocca did not file a timely answer, and Bankers Union therefore filed a motion for default judgment on January 15, 1974, which was granted on the same day. No prior notice of the motion or of the hearing thereon was provided Fiocca. In addition to entering Fiocca's default, the court awarded Bankers Union judgment on the default for principal and interest due on the note as well as court costs.
On March 14, 1974, relying on C.R.C.P. 55(b)(2), Fiocca filed a motion to set aside the default judgment and attached thereto an answer and counterclaim. The trial court set aside the judgment but not the default. Bankers Union then mailed a notice of application for judgment to Fiocca; Fiocca countered with a motion renewing his prior request to file his tendered answer; and, following a hearing thereon, the trial court reentered default judgment for Bankers Union.
Fiocca's motion to vacate default judgment and for a new trial was denied by the trial court, and this appeal is taken therefrom.
Insofar as pertinent here, C.R.C.P. 55(b)(2) provides: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.. . ."
Before a court enters judgment by default in a case in which the defendant has appeared, the plaintiff must provide the notice required by C.R.C.P. 55(b)(2). See Civil Service Commission v. Doyle, 162 Colo. 1, 424 P.2d 368; Holman v. Holman, 114 Colo. 437, 165 P.2d 1015. The purpose of the notice requirement is to protect those parties who, although delinquent in filing pleadings within the time *59 periods specified, have indicated a clear purpose to defend by entry of their appearance. See H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S. App.D.C. 256, 432 F.2d 689. In our view, that purpose is defeated if the failure to give notice results only in vacation of the default judgment and not the entry of default. Such an interpretation relegates the party in default to essentially the same position he finds himself after entry of default judgment under C.R.C.P. 60(b). Accordingly, we hold that a responsive pleading is timely when tendered to the clerk of the court following service of the threeday written notice required pursuant to C. R.C.P. 55(b)(2) and prior to the entry of default judgment.
The judgment is reversed and the cause remanded with directions to reinstate defendant's answer and counterclaim and for further proceedings not inconsistent with the views herein expressed.
COYTE, J., concurs.
SMITH, J., dissents.
SMITH, Judge (dissenting):
I agree with the majority that before a court may enter judgment upon a default in a case in which the defendant has appeared, the defaulting defendant must be given the notice required by C.R.C.P. 55(b)(2), and I also agree that the purpose of the notice requirement is to protect parties who, although delinquent in filing their pleadings, have indicated a clear purpose to defend by having previously entered an appearance.
I must, however, part company with the majority when they say, in essence, that if a party to a lawsuit enters his appearance therein, he has an absolute and unqualified right to file a responsive pleading at any time prior to the time a judgment is entered against him, and that he thereby preserves his right to litigate the issues. While I cannot in good conscience argue that this would be an unjust rule, it is, in my view, entirely inconsistent with the basic scheme of the rules for terminating litigation when the conduct of one party demonstrates a disinclination to litigate.
C.R.C.P. 55 clearly delineates two distinct and separate procedures which occur before litigation is terminated upon a parties' failure to defend: (1) entry of default and (2) entry of judgment. Sealey v. Majerus, 149 Mont. 268, 425 P.2d 70. See Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Co., 383 F.2d 249 (4th Cir.). Subsection (a) provides that the clerk of the court shall enter a default when a party, against whom a complaint for affirmative relief has been filed, has failed to plead or otherwise defend as required by the rules. Subsection (b) provides two methods for entry of judgment after default and Subsection (c) provides that for good cause shown, the court may set aside such an entry of default and further provides that in the event a judgment has been entered upon the default the court may likewise set it aside in accordance with the criteria set forth in C.R.C.P. 60(b).
Although the entry of default is merely a recognition by the court that the defendant has failed to respond in compliance with the rules, it is also an admission by the defendant of the truth of the allegations of the complaint against him. Orebaugh v. Doskocil, 145 Colo. 484, 359 P.2d 671. Under the provisions of C.R.C.P. 55(b)(1) and (2), judgment may thereafter be entered against him based upon his default and upon his admissions that the allegations in the pleading against him are true.
The provision of C.R.C.P. 55(b)(2) requiring notice to parties who have entered an appearance does not alter the effect of the default but is merely notice that judgment will, after the expiration of three days, be entered against him based upon his prior default. Failure, therefore, to give such notice, while it may render the judgment void, see Civil Service Commission v. Doyle, 162 Colo. 1, 424 P.2d 368, *60 does not alter the fact that the defendant is still in default.
It is generally agreed that a party in default for failure to plead, or otherwise to defend the action, must apply to the court for relief under C.R.C.P. 55(c) before he can plead in the cause. Loew's, Inc. v. Sanfrebob Theatre Corp., 8 Federal Rules Service 840; Moffitt v. Asher, 302 S.W.2d 102 (Ky.Ct.App.); see 3 W. Barron & H. Holtzoff, Federal Practice & Procedure § 1212, and 6 J. Moore, Federal Practice ¶ 55.03 (2d ed.). An appearance alone, where there has been no pleading, does not prevent the party from being in default. 6 J. Moore, Federal Practice ¶ 55.02 [3] (2d ed.). As I construe the rule then, the purpose of the three day notice is not to give the party three days within which to plead defensively but to give him time in which to seek to set aside the default pursuant to C.R.C.P. 55(c) and to request enlargement of the time within which to plead in accordance with C.R.C.P. 6(b). Rogers v. Lyle Adjustment Co., 70 N.M. 209, 372 P. 2d 797.
In the instant case, although the defendant appeared prior to the entry of judgment and filed a responsive pleading, no request was ever made to set aside the default nor was there any request for enlargement of the time within which to plead, as required by C.R.C.P. 6(b), which rule places the exclusive control as to enlargement of time for pleading with the court, not with counsel. Loew's, Inc. v. Sanfrebob Theatre Corp., supra; Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185 (3rd Cir.).
If the majority's interpretation is accepted, the provisions of C.R.C.P. 6(b), 55(a), 55(c), and even of 55(b)(2) itself become meaningless because defendants can remain in default as long as they desire and then, by merely filing the proper pleading in the period between receipt of the notice and the hearing on the motion for judgment by default, they can not only prevent the entry of judgment on their default but also can cure their default as well. This interpretation would emasculate the power of the trial court to determine and enforce time limits as well as abrogate or substantially alter the provisions of the rule.
Although I agree that the trial court was required, because of the appearance the defendant had previously made, to give him notice of the application for judgment, this was the only relief to which his prior appearance entitled him. See Daniels v. Hall's Motor Transit Co., W.Va., 205 S.E. 2d 412. In the absence of any request to set aside the default, and in the absence of any showing of good cause as to why the time for pleading set by the court had been ignored or at least had not been complied with, the trial court was not obligated to accept the responsive pleading. Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Co., supra. Had these requests been made, they would have been addressed to the sound discretion of the court. In my view, the majority has taken away that discretion.
I would, therefore, affirm.