MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
R.F., the petitioner here, appealed to the Colorado Court of Appeals from a refusal by a trial court to set aside a default judgment entered against him in a paternity case. The court of appeals affirmed the judgment of the trial court. People in the Interest of J.M.W., 36 Colo.App. 398, 542 P.2d 392 (1975). We granted certiorari and we now reverse.
In February, 1974, a Petition in Paternity Proceedings was filed by D.G.W. naming R.F. as respondent. In accordance with section 19-6-103, C.R.S. 1973, the court issued a summons requiring R.F. to appear for a hearing on the petition on April 8, 1974. Following conversations between R.F. and the attorney for D.G.W., it was agreed that the hearing would be continued until April 24.
At the April 24 hearing, R.F. appeared without a lawyer. The record reveals that the only question asked of him was whether he wished to obtain a lawyer. He responded that he did so wish and the hearing was again continued until July 22.
*530 R.F. failed to appear at the July 22 hearing. The trial court thereupon set a hearing on entry of default judgment for August 22. No notice of this hearing was supplied to the petitioner. At the hearing, evidence of paternity and of medical costs were submitted by D.G.W., and the court subsequently entered a default and judgment thereon.
When R.F. learned of the judgment, he secured a lawyer who, within ten days of entry of judgment, filed a motion to vacate the default judgment alleging excusable neglect and failure to provide notice of the default hearing. The trial court denied this motion. We find no abuse of discretion in failing to vacate the default judgment for excusable neglect. However, we must reverse because of failure to give the notice as required by our Rules of Civil Procedure.
The pivotal question here is whether R.F.’s actions constituted an “appearance” within the meaning of C.R.C.P. 55 (b)(2) which provides in part:
“If the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.” The requirements of this rule — stating that a three-day written notice of application for default judgment shall be given — have been scrupulously adhered to by this court. Civil Service Comm’n v. Doyle, 162 Colo. 1, 424 P.2d 368 (1967).
We note that we are not dealing with technical concepts of appearance as the word is used in analysis of jurisdiction over the person. See Smith v. Gadd, 280 S.W.2d 495 (Ky. Ct.App. 1955). Rather, we are concerned with a provision of the Rules of Civil Procedure which seeks to insure fairness by providing notice to a party who has expressed interest in defending a lawsuit brought against him. See Civil Service Comm’n v. Doyle, supra; Bankers Union Life Insurance Co. v. Fiocca, 35 Colo.App. 306, 532 P.2d 57 (1975); H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689 (D.C.Cir. 1970); Daniels v. Hall’s Motor Transit Co.,_W.Va._, 205 S.E.2d 412 (1974). And the preservation of that fairness and resolution of litigation on the merits must take precedence over a concern with judicial expediency. See Drinkard v. Spencer, 72 Colo. 396, 211 P. 379 (1922).
We are thus disinclined to apply technical concepts in determining whether a party has entered an appearance for purposes of the notice requirement of C.R.C.P. 55(b)(2). We have held, for example, that the filing of a motion to dismiss without the subsequent filing of an answer constitutes an appearance. See Bankers Union Life Insurance Co. v. Fiocca, supra.
Here we believe that there was conduct on the part of the defendant sufficient to indicate to the trial court that the defendant had an interest in participating in the litigation. There was the initial agreement *531 between the parties to continue the April 8 hearing and the subsequent appearance by R.F. at the April 24 hearing at which he expressed a desire to obtain an attorney. Answers are not filed in paternity proceedings, and at the first hearing R.F. could have been required to respond to the claim on its merits. While he was only asked if he wished a lawyer, this circumstance should not vitiate the import of his presence.
A judgment by default is not designed to be a device to catch the unwary or even the negligent. Where, as here, a party is not represented by a lawyer, a court should be reluctant to foreclose the opportunity of a litigant to present some defense. Notice should therefore have been supplied.
Accordingly, we vacate the judgment of default and remand to the court of appeals with directions to remand to the trial court for further proceedings consonant with the views expressed herein.
Mr. Justice Kelley does not participate.