Joseph SCHAFFER and Radine Schaffer, Plaintiffs-Appellees,

v.

Rip MARTIN d/b/a Rip Martin Enterprises, and Rip Martin, Defendants-Appellants.

No. 80CA0132.

Colorado Court of Appeals, Div. I.

Dec. 26, 1980.

Garfield & Hecht, K. Roulhac Garn, Aspen, for plaintiffs-appellees.

John P. Van Ness, Aspen, for defendants-appellants.

PIERCE, Judge.

Defendants, Rip Martin Enterprises and R. P. Martin, appeal from the denial of a motion to vacate a default judgment entered against them. We reverse.

On April 25, 1979, defendants were served with a summons and complaint by plaintiffs. Since no response was filed

within the required time limit, default was entered against defendants by the clerk on June 6, 1979.

On June 26, 1979, defendants' attorney filed an entry of appearance with the district court, but no copy of the entry of appearance was served upon plaintiffs.

Defendants' attorney was orally informed on July 30, 1979, that a hearing was to be held that day on plaintiffs' motion for default judgment. No written notice to either defendants or their attorney preceded this hearing. At the hearing, the trial court denied defendants' motion for continuance, and entered default judgment against them.

Defendants filed a motion to set aside the entry of default and default judgment, and also filed an answer and counterclaim on August 2, 1979.

■ Defendants contend on appeal that the trial court erred in entering default judgment against them since the notice requirement of C.R.C.P. 55(b)(2) was not complied with. We agree.

### I.

C.R.C.P. 55(b)(2) states:

"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application."

It is uncontested that no written notice of the July 30 hearing was served on either defendants or their attorney. However, plaintiff contends that the defendants did not make an appearance sufficient to trigger the notice requirement of C.R.C.P. 55(b)(2). We disagree.

The Colorado Supreme Court has expressed a judicial disinclination to apply technical concepts in determining whether a party had entered an appearance for purposes of the notice requirement of C.R.C.P. 55(b)(2). *R. F. v. D. G. W.*, 192 Colo. 528, 560 P.2d 837 (1977). *See Carls Construction, Inc. v. Gigliotti*, 40 Colo.App. 535, 577 P.2d 1107 (1978).

The defendants' attorney here filed an appearance with the court. Defendants therefore appeared for purposes of the notice requirement of C.R.C.P. 55(b)(2), and since defendants were not served with notice, the default judgment entered against them is void. *See Salter v. Board of Commissioners*, 126 Colo. 39, 246 P.2d 890 (1952).

### II.

■ We see no distinction between a default entered for failure to appear and answer, and a default entered for failure to file a timely answer after an appearance has been entered. *See Bankers Union Life Insurance Co. v. Fiocca*, 35 Colo.App. 306, 532 P.2d 57 (1975). Thus, we hold that failure to comply with the notice provision of C.R.C.P. 55(b)(2), mandates vacation of the entry of default as well as the default judgment, thus rendering further proceedings on the default issue unwarranted. *Bankers Union Life Insurance Co. v. Fiocca, supra.* Since defendant filed an answer and counterclaim prior to entry of a valid default judgment, this answer and counterclaim was timely, and must be reinstated. *Bankers Union Life Insurance Co. v. Fiocca, supra.*

The judgment is reversed and the cause remanded with directions to reinstate defendants' answer and counterclaim.

RULAND, J., concurs.

COYTE, J., dissents.

COYTE, Judge.

I dissent.

Default was entered by the clerk on June 4, 1979. A copy of the entry of default was received by defendants' counsel on June 13, 1979. No entry of appearance appears in the record, but in the court's findings on the default judgment the court found that defendants had entered an appearance on June 26, 1979. A copy of the appearance was not served on plaintiff's counsel.

Plaintiffs filed a motion for the entry of default judgment on July 11, 1979, but did not serve defendants' counsel with a copy of the motion. Defendants' counsel appeared at the hearing on the entry of default judgment on July 30, 1979, and requested a

continuance. The court questioned defendants' counsel as to why no motion had been filed to set aside the default and after colloquy between the court and counsel, the court stated:

"It appears to the court that defendant has had ample time to move to set aside the default and that additional time would not be appropriate . . . ."

The court then heard evidence on the default judgment. From the record it does not appear that defendants' counsel made any effort to participate in this hearing.

On August 3, 1979, defendants filed a motion under C.R.C.P. 55(c) to set aside the default and default judgment on the basis of excusable neglect and meritorious defense. C.R.C.P. 55(c) provides:

"[F]or good cause shown the court may set aside an entry of default, and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

The written order of the court stated that it had considered the motion and the briefs of counsel and that the motion was denied. In spite of the fact that the trial court, on supporting evidence, found that good cause had not been shown, the majority is setting aside the default.

In contrast to the majority, I do see a significant distinction between a default entered for failure to appear and answer and a default entered for failure to timely answer after an appearance has been made. Where a default is entered for failure to appear in the first instance, that default may be set aside for good cause. But if the default is not set aside, then defendants can appear and contest the amount of damages, but cannot challenge the issue of liability set forth in the complaint. On the other hand, where defendants have once entered an appearance, then no default judgment may be taken without giving defendants three days notice as required by C.R.C.P. 55(b)(2).

Also, I do not view *Bankers Union Life Insurance Co. v. Fiocca*, 35 Colo.App. 306, 532 P.2d 57 (1975) to be authority for the majority position. There defendant appeared and filed a motion and when the motion was denied, failed to file an answer. Thereafter, without notice to defendant, plaintiff took a default judgment. The court held that the judgment must be set aside, since defendant tendered his answer prior to the expiration of the three days and that no default should have been entered prior to the expiration of the three day period.

If plaintiffs had proceeded to default judgment the day that default was entered, then defendants' sole means of urging relief would have been by filing a C.R.C.P. 60(b) motion, which would have required a showing of meritorious defense and excusable neglect which is equivalent to the good cause requirement of C.R.C.P. 55(c).

Here, since defendants were not given the required three day notice, the default judgment is void. However, because there has been no showing of "good cause" to set aside the default as required by C.R.C.P. 55(c), the default is still effective. There is no basis to set it aside and allow defendant to file his answer and counterclaim.