**Al E. WESTBROOK,
Defendant–Appellee,**

v.

**Terry BURRIS, Defendant–Appellant.**

No. 86CA1028.

Colorado Court of Appeals,
Div. I.

June 9, 1988.

Allbrandt, Merrill & Johns, John E. Johns, James L. Allbrandt, Englewood, for defendant-appellee.

Paul A. Prendergast, Lakewood, for defendant-appellant.

PLANK, Judge.

Defendant, Terry Burris, appeals from a default judgment entered against him upon the cross-claim of co-defendant, Al E. Westbrook. We reverse.

Burris contends that the trial court erred in entering default judgment without giving three days notice pursuant to C.R.C.P. 55(b)(2). We agree.

▇ Plaintiff, Karen Andrews, filed a complaint for breach of contract against multiple defendants including Burris and Westbrook. All defendants filed timely answers. Westbrook also filed a cross-claim against Burris and another defendant not a party to this appeal. Burris failed to answer the cross-claim and Westbrook moved for default judgment. A copy of the mo-

tion was not served on Burris. Without prior notice, the trial court entered default and judgment against Burris.

■ By filing an answer to plaintiff's complaint, Burris appeared in the action and exhibited an intent to defend. Thus, Burris was entitled to receive written notice of the application for default judgment. The failure to comply with this notice requirement is error and renders the default judgment void. *See Schaffer v. Martin*, 623 P.2d 77 (Colo.App.1980); *Bankers Union Life Insurance Co. v. Fiocca*, 35 Colo. App. 306, 532 P.2d 57 (1975).

The judgment is reversed and the cause is remanded with directions to reinstate the cross-claim against Burris and for further proceedings as necessary for disposition of that claim.

PIERCE and TURSI, JJ., concur.