**COSTIN ENGINEERING CONSULTANTS, INC.,**
Plaintiff,

v.

**Stephen W. LATHAM a/k/a Steve Latham, et al., Defendant.**

No. 95–D–2127.

United States District Court,
D. Colorado.

Jan. 16, 1996.

Jon M. Zall, Denver, CO, for Plaintiff.

James J. Petrock, Petrock & Fendel, Denver, CO, John P. Jones, Kutak Rock, Denver, CO, Susan B. Shoemaker, Castle Rock, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

This matter is before me on Defendant Stephen W. Latham's ("Latham") Motion to Set Aside Default Judgment, originally filed November 8, 1995. Plaintiff filed its response on December 6, 1995, which Defendant replied to on December 11, 1995. Latham asserts three grounds in support of his motion: (1) service of process was not completed in accordance with the requirements of C.R.C.P. 4; (2) pursuant to C.R.C.P. 55(b), Latham should have been served with written notice since he had made an entry of appearance prior to the issuance of the default judgment; and (3) pursuant to C.R.C.P. 60(b)(1), Latham is entitled to relief from default judgment by reason of mistake, inadvertence and excusable neglect.

## I. *FACTUAL BACKGROUND*

This action was originally filed in Colorado state court. On June 7, 1995, a process server left a copy of the complaint and summons with an employee of Latham at Latham's principal place of business. Thus, pursuant to C.R.C.P. 12(a), Latham had until June 28, 1995 in which to file his answer. No answer having been filed, plaintiff filed a Motion for Default Judgment against Latham on July 17, 1995. On July 24, 1995, an Adams County District Court Judge granted the motion and entered default judgment against Latham. Also on July 24, 1995, at 8:04 a.m. (based on the date and time stamp that appears on the front of the pleadings), Latham's counsel filed an entry of appearance and a Motion for Leave to File a Late Answer. Therefore, the Adams County District Court Clerk's records indicate that default judgment was entered against Latham, without Latham having received notice of the Motion for Default Judgment, on the same

day as Latham's counsel filed his entry of appearance and Motion for Leave to File a Late Answer. On August 17, 1995, the action was duly removed to this Court by the Federal Deposit Insurance Corporation ("FDIC"), another defendant in this case.

## II. ANALYSIS

■■■ Latham's first argument is that service of process was improper and thus the default judgment should be set aside pursuant to C.R.C.P. 60(b)(3) since the judgment is void based on an absence of *in personam* jurisdiction. Latham, as the party challenging the service of process and the resulting lack of jurisdiction, has the burden to prove that service of process was indeed inadequate. *White Front Auto Sales, Inc. v. Mygatt,* 810 P.2d 234 (Colo.App.1990). After reviewing the record, I reject Latham's argument on two independent bases. First, under C.R.C.P. 4(e)(1), service was proper since the process server left a copy of the complaint and summons with Latham's secretary/receptionist at Latham's "usual place of business." Alternatively, Latham waived any challenge to *in personam* jurisdiction when he filed his Motion for Leave to File Late Answer. *See, e.g., Treadwell v. District Court,* 297 P.2d 891, 892 (Colo.1956) ("the question [of service of process] cannot be raised after answers or other motions as to the merits have been filed").

■■■ Turning to Latham's second argument—that he was entitled to notice prior to the entry of the default judgment—C.R.C.P. 55(b) provides:

> If the party against whom judgment by default has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice at least three days prior to the hearing on such application.

Colorado state courts recognize that "[b]efore a court enters judgment by default in a case in which the defendant has appeared, the plaintiff must provide the notice required by C.R.C.P. 55(b)(2). The purpose of the notice requirement is to protect those parties who, although delinquent in filing pleadings within the time periods specified, have indicated a clear purpose to defend by entry of their appearance." *Bankers Union Life Ins. Co. v. Fiocca,* 35 Colo.App. 306, 532 P.2d 57, 58–59 (1975). Furthermore, the requirements of this rule have been fastidiously adhered to by Colorado courts. *R.F. v. D.G.W.,* 192 Colo. 528, 560 P.2d 837 (Colo. 1977); *Civil Serv. Comm'n v. Doyle,* 424 P.2d 368 (Colo.1967); *Southerlin v. Automotive Elec. Corp.,* 773 P.2d 599 (Colo.App.1988).

■■■ Returning to the time specific facts of this case, as noted above, Latham made an entry of appearance on July 24, 1995, at 8:04 a.m., as evidenced by the clerk's time stamp. That same day, July 24, 1995, the court granted and entered Plaintiff's Motion for Default Judgment. Thus, since Latham filed his entry of appearance at 8:04 a.m., the Court assumes and makes a *de facto* finding that Latham entered his appearance *prior* to the entry of default judgment, if only by minutes.[1]

Though this distinction may seem unnecessarily technical, it is relevant for analysis purposes since Colorado courts apply the requirements of the rule in a bright line fashion. As the court in *Schaffer v. Martin,* 623 P.2d 77, 78 (Colo.App.1980), stated:

> The defendants' attorney here filed an appearance with the court. Defendants therefore appeared for purposes of the notice requirement of C.R.C.P. 55(b)(2), and since defendants were not served with notice, the default judgment entered against them is void.

1. To support this finding, I note that I inquired, *sua sponte*, with the Adams County District Court Clerk's Office as to whether the exact time of the entry of default judgment against Latham on July 24, 1995 could be determined. The Clerk's Office indicated that it does not have any way of determining the exact time the default judgment was entered on July 24, 1995. However, the Clerk's Office did state that it opens at 8:00 a.m. and thus no pleading by a party or order of the

court could be entered before 8:00 a.m. Furthermore, I note that the default judgment was actually signed by the Adams County District Court Judge assigned to the case. Thus, since the default judgment could not have been entered before 8:00 a.m. on July 24, 1995, and since the judge actually signed the order, I find that the default judgment was entered after 8:04 a.m., or after Latham filed his entry of appearance.

*See also Fiocca,* 532 P.2d at 58–59. Consequently, for purposes of C.R.C.P. 55(b), Latham should have been served with written notice prior to the entry of the default judgment since he had entered an appearance prior to the entry of the judgment. The fact that Plaintiff did not receive notice of Latham's appearance until after the default judgment was entered (i.e. July 25, 1995) does not change my analysis. That is, even though Plaintiff correctly notes that it was impossible for it to have known that Latham entered his appearance until after the default judgment had issued, and thus understandable for the default judgment to have entered absent notice to Latham, Latham was nonetheless entitled to notice under C.R.C.P. 55(b). *See Schaffer,* 623 P.2d at 78 (fact that plaintiffs were never served with defendants' entry of appearance does not affect notice requirements under C.R.C.P. 55(b)). This result is consistent with the underlying purpose of the notice requirement of protecting the unwary defendant.

There is no need for me to consider Latham's motion under C.R.C.P. 60(b)(1) since I believe that my analysis of C.R.C.P. 55(b) and its interpretation under Colorado case authorities requires the granting of Latham's motion.

### III. *CONCLUSION*

Accordingly, for the reasons discussed above, it is

ORDERED that Defendant Latham's Motion to Set Aside Default Judgment is hereby GRANTED. It is further

ORDERED that Defendant's Motion for Leave to File Late Answer is hereby GRANTED, with the Answer previously tendered by Latham on July 28, 1995 treated as filed with this Court.