Opinion by
 

 Judge WEBB.
 

 In this C.R.C.P. 105 quiet title action, defendant, Douglas K. Barnett, appeals the trial court's order denying his motion to set aside a judgment entered by default in favor of plaintiff, BS & C Enterprises, LLC. We reverse and remand for a hearing on entry of default judgment.
 

 Barnett was the beneficiary of a deed of trust encumbering the subject property, located in Clear Creek County. BS & C hired the county sheriff to serve him at the Morgan County address listed on the deed of trust. The sheriffs return of service stated,
 
 *130
 
 "After diligent effort, a deputy was unable to locate the person to be served."
 

 BS & C then moved for service by publication, asserting that a
 

 search has been made of the public records . and of the telephone and other available directories; various inquires have been made from persons who might have information concerning defendants; endeavors have been made to serve defendants personally at any Colorado addresses available; and all of said efforts have been to no avail.
 

 The trial court granted BS & C's motion, and publication was made in accordance with C.R.C.P. 4(g). A copy of the summons and complaint was mailed to and received by Barnett at the Morgan County address.
 

 Barnett's son faxed an unsigned letter to the court with the deed of trust attached, stating: (1) "I am writing this letter on behalf of my father," (2) "I have attached a copy of the recorded Deed of Trust, which has not been satisfied or paid," (8) "no service has ever been attempted on my father in this case," and (4) "We would ask you to dismiss [BS & C's] quiet title action, since my Father's interest in the land is evident."
 

 After the time for answering the complaint expired, BS & C scheduled a hearing on entry of default judgment. Despite the letter, no notice of the hearing was sent to Barnett. Following an order of default against Barnett, the trial court entered a decree quieting title to the subject property in BS & C, which it declined to set aside on Barnett's motion.
 

 I.
 

 In seeking to set aside a default judgment, the movant bears the burden of proving the grounds for relief by clear, strong, and satisfactory proof. Sumler v. Dist. Court, 889 P.2d 50, 55-56 (Colo.1995).
 

 The primary goal of the trial court in ruling on a motion to set aside a default judgment is to achieve substantial justice. Id. Because the court is in the best position to do so, we will not disturb its ruling absent an abuse of discretion. Plaza del Lago Townhomes Ass'n v. Highwood Builders, LLC, 148 P.3d 367, 372 (Colo.App.2006). A trial court abuses its discretion if it applies an incorrect legal standard. Martin v. Union Pac. R.R. Co., 186 P.3d 61, 72, 2007 WL 2728625 (Colo.App. No. 05CA1917, Sept. 20, 2007).
 

 IL.
 

 Barnett first contends the trial court abused its discretion in denying his motion because the letter from his son constituted an appearance, but he was not given written notice of the application for default judgment as required by C.R.C.P. 55(b). We agree.
 

 Barnett did not cite C.R.C.P. 55(b) in his pro se motion. However, his argument that "the letter gave notice to the court of [his] interest in the case," but he "was not aware of the hearing and received no notification," sufficed to focus the trial court's attention on the correct issue. See Blades v. DaFoe, 704 P.2d 317, 322-23 (Colo.1985).
 

 C.R.C.P. 55(b) provides in pertinent part:
 

 If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.
 

 "Colorado has taken a liberal approach in determining what constitutes an 'appearance' under C.R.C.P. 55(b)[]." Biella v. State Dep't of Highways, 652 P.2d 1100, 1102 (Colo.App.1982), aff'd 672 P.2d 529 (Colo.1983). As the supreme court said in R.F. v. D.G.W., 192 Colo. 528, 560 P.2d 837 (1977):
 

 We note that we are not dealing with technical concepts of appearance as the word is used in analysis of jurisdiction over the person. Rather, we are concerned with a provision of the Rules of Civil Procedure which seeks to insure fairness by providing notice to a party who has expressed interest in defending a lawsuit brought against him.
 

 192 Colo. at 530, 560 P.2d at 838 (citation omitted).
 

 
 *131
 
 We are guided by the principles that "[a] judgment by default is not designed to be a device to catch the unwary or even the negligent," id. at 531, 560 P.2d at 839, and that the notice requirement protects "those parties who, although delinquent in filing pleadings within the time periods specified, have indicated a clear purpose to defend by entry of their appearance." Bankers Union Life Ins. Co. v. Fiocca, 35 Colo.App. 306, 308, 532 P.2d 57, 58-59 (1975).
 

 Thus, "[a]) defendant is entitled to notice under C.R.C.P. 55(b) when it engages in conduct 'sufficient to indicate to the trial court that the defendant had an interest in participating in the litigation'" Plaza del Lago Townhomes Ass'n, 148 P.3d at 370 (quoting R.F. v. D.G.W., 192 Colo. at 530, 560 P.2d at 839). "To be entitled to notice, however, it is essential that the defendant have somehow communicated with the court." Id.
 

 For example, in Carls Construction, Inc. v. Gigliotti, 40 Colo.App. 535, 536, 577 P.2d 1107, 1108-09 (1978), the defendant mailed a letter to the court setting forth a number of defenses to the complaint. The letter was not filed because the defendant failed to tender a docket fee. Nevertheless, the division concluded that because "the letter clearly indicated an intention on [the defendant's] part to defend," the notice requirement of C.R.C.P. 55(b) was triggered. Id.
 

 Similarly, here, the letter on behalf of Barnett was a communication with the court that indicates his intention to defend. The letter shows Barnett's interest in the property by attaching the deed of trust. And it requests that the court "dismiss the Plaintiff's quiet title action, since [Barnett's] interest in the land is evident." Thus, we conclude that the letter constituted an appearance entitling Barnett to notice under C.R.C.P. 55(b).
 

 In denying Barnett's motion, the trial court did not mention the letter or otherwise address whether Barnett had "appeared" for purposes of C.R.C.P. 55(b). Instead, it commented that "[dJefendant received actual notice via publication and mail." Hence, we further conclude that by focusing on Barnett's notice of the summons and complaint rather than on his lack of notice of the hearing under C.R.C.P. 55(b), the trial court applied the wrong legal standard, and thereby abused its discretion.
 

 We recognize that First National Bank v. Fleisher, 2 P.3d 706, 714 (Colo.2000), holds notice under C.R.C.P. 55(b) need not be provided if the defaulting party had actual notice of the hearing. Here, although the trial court found that "[dlefendant monitored the case but failed to answer," we decline to apply Fleisher because the court did not find that Barnett had actual notice of the hearing. Moreover, the record does not support such an inference from the court's language concerning failure to answer.
 

 We reject BS & C's argument that the letter cannot constitute an appearance requiring notice because it was written by Barnett's son, not Barnett himself. Under the plain language of C.R.C.P. 55(b), an appearance by a party's representative is sufficient to trigger the notice requirement.
 

 Although no Colorado case has defined "representative" for purposes of C.R.C.P. 55(b), Best v. Jones, 644 P.2d 89 (Colo.App.1982), suggests a liberal approach to this question as well. There, an officer of a corporation attempted to file documents with the court, which were rejected because a corporation can only appear through legal counsel. However, the division concluded that "[the attempt by the officer of the corporation in this case, while not technically an appearance on behalf of the corporation, was an 'appearance' sufficient to trigger the notice requirement of C.R.C.P. 55(b)[]." Best, 644 P.2d at 90.
 

 This approach is consistent with the limited out-of-state authority addressing the issue. See, e.g., Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 598 P.2d 1147, 1151 (1979)(a letter by one appellant, on behalf of himself and the other appellants, constituted an appearance "entitling all the appellants" to notice) Hankins v. Cooper, 551 S.W.2d 584, 585 (Ky.Ct.App.1977)(similar).
 

 We are not persuaded otherwise by BS & C's assertion that the letter did not constitute an appearance because Barnett's son could not submit Barnett to the jurisdiction of the court. In Fleisher, 2 P.3d at 714, the
 
 *132
 
 court said, "A party has appeared for the purposes of [C.R.C.P. 55(b)] if it has submit, ted to the jurisdiction of the court." However, we do not read this statement as requiring that an appearance constitute submission to jurisdiction. People in Interest of J.M.W., 36 Colo.App. 398, 400, 542 P.2d 392, 393 (1975), from which the court quoted comparable language, was vacated in R.F. v. D.G.W. And the R.F. court eschewed the "technical concepts of appearance as the word is used in analysis of jurisdiction over the person." 192 Colo. at 530, 560 P.2d at 838.
 

 We also reject BS & C's argument that accepting the son's letter would "open the door" to anyone-even a stranger intending only mischief-to appear on behalf of a defendant and thereby trigger the notice requirement. The case of a stranger is not before us. Here, the letter asserts a close relationship, that of parent and child. Other possible representative relationships should be addressed on a case-by-case basis.
 

 Further, the integrity of the process is protected because the communication with the court must still be "sufficient to indicate to the trial court that the defendant had an interest in participating in the litigation." Id. at 530, 560 P.2d at 839. A person without a close connection to the defendant would rarely be able to articulate such an interest. Here, the letter did so by, among things, attaching a copy of the deed of trust.
 

 Finally, the burden on a trial court to determine when such notice is required is minimal compared to the benefit of affording a nonanswering defendant the opportunity to contest entry of default judgment. See id. ("[Thhe preservation of that fairness and resolution of litigation on the merits must take precedence over a concern with judicial expediency."). Indeed, where "a party is not represented by a lawyer, a court should be reluctant to foreclose the opportunity of a litigant to present some defense." Id. at 531, 560 P.2d at 839.
 

 Here, a search of the court file would have revealed that Barnett had made an appearance sufficient to require notice under C.R.C.P. 55(b), but BS & C had not provided it.
 

 Accordingly, we reverse the order and remand the case for further proceedings to set aside the default judgment and to hold a hearing under C.R.C.P. 55(b).
 

 TIL.
 

 Barnett also contends the trial court abused its discretion in denying his motion because it should not have allowed service by publication. We reject Barnett's argument that the return of service alone shows BS & Cs lack of due diligence in attempting to effect personal service, but we conclude that he may challenge the grounds for service by publication at the C.R.C.P. 55(b) hearing.
 

 Service by publication is void only where an express and material provision of the rule authorizing such service has been violated or information has been withheld by the applicant. Hancock v. Boulder County Pub. Tr., 920 P.2d 854, 857 (Colo.App.1995).
 

 In a quiet title action, service by publication is authorized by C.R.C.P. 4(g). Mason-Jares, Ltd. v. Peterson, 939 P.2d 522, 524 (Colo.App.1997). This rule provides in pertinent part:
 

 [Slervice by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem.... The party desiring service of process by mail or publication ... shall file a motion.... [The motion] shall state the facts authorizing such service, and ... show the efforts, if any, that have been made to obtain personal service....
 

 Under C.R.C.P. 4(g), the court shall order such service if it is satisfied that "due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail."
 

 Here, we are unpersuaded that the sheriff's return shows BS & C failed to exercise due diligence in seeking to effect personal service. See Gamewell v. Strumpler, 84 Colo. 459, 466, 271 P. 180, 182 (1928) (return "by such officer or person that defendant cannot, after diligent search, be found therein, constitutes a proper and sufficient basis for publication of the summons"); see also Rael v. Taylor, 876 P.2d 1210, 1227 n. 27
 
 *133
 
 (Colo.1994)("A petitioner in a quiet title proceeding who complies with the requirement of [Rule 4(g)] in effect provides the trial court with evidence presumptively establishing that the due diligence standard of notice has been satisfied.").
 

 Barnett cites no Colorado authority, and we have found none, holding that a party must continue to attempt personal service after receiving a sheriff's return stating inability to locate the defendant, even though here the return also shows that the sheriff made only one attempt. Such a principle would place such a party in the position of having to supervise the sheriff.
 

 We also reject Barnett's argument that BS & C knew of his location based on a letter it fazed to him. The record contains no such letter and does not otherwise support this argument. See Fraser v. Colo. Bd. of Parole, 931 P.2d 560, 563 (Colo.App.1996) (reviewing court may only consider documents contained in the record); see also McCall v. Meyers, 94 P.3d 1271, 1272 (Colo.App.2004) (statements in briefs may be disregarded absent record support).
 

 Barnett further argues that BS & C's Motion for Service by Publication contains material misrepresentations regarding its efforts to locate him. However, we are unable to evaluate the accuracy of these representations because Barnett had no opportunity to dispute them. Thus, we conclude Barnett may raise this issue at the C.R.C.P. 55(b) hearing, after which the trial court shall make specific findings, based on all the circumstances, whether service by publication should be set aside because BS & C did not act with due diligence under C.R.C.P. 4(g).
 

 To the extent that Barnett asserts a due process violation because he was neither notified of the hearing nor given an opportunity to be heard, our conclusion that the default judgment must be set aside and a hearing must be held under C.R.C.P. 55(b) avoids this argument, as well as his remaining contentions. See, e.g., Developmental Pathways v. Ritter, 178 P.3d 524, 535 (Colo.2008)(principle of judicial restraint requires avoidance of constitutional issues).
 

 The order is reversed, and the case is remanded for further proceedings consistent with this opinion.
 

 Judge TERRY and Judge STERNBERG
 
 *
 
 concur.